The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner W. Bain Jones, Jr. The appealing party has shown good ground to reconsider the evidence. The Full Commission reverses the Deputy Commissioner's Opinion and Award and enters the following Opinion and Award.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
 STIPULATIONS
1. At the time of the injury by accident, defendant/employer was uninsured.
2. Plaintiff suffered an injury by accident on 24 May 1994 falling approximately forty-five feet from a tree.
3. Plaintiff's average weekly wage was $350.00 per week.
4. As a result of plaintiff's injury by accident, he suffered a sacral fracture, a right calcaneus fracture and a right ankle fracture.
5. As a result of plaintiff's injury by accident on 24 May 1994, plaintiff has incurred medical costs totaling $14,232.40.
6. As a result of plaintiff's injury by accident on 24 May 1994, plaintiff has sustained a twenty percent permanent partial disability to his right foot.
7. Plaintiff's medical records were stipulated into evidence and marked Stipulated Exhibit One.
8. Defendant/employer's employment records were stipulated into evidence as Stipulated Exhibit Two.
9. The issue before the undersigned is whether this matter is subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
 ***********
The Full Commission finds as follows:
 FINDINGS OF FACT
1. Defendant is in the business of tree and limb removal, tree trimming and tree topping including complete clean up and removal of tree debris. The business is not incorporated and is run as a partnership at will by Danny Corey and Sandra King. Unlimited Tree Service was non-insured for workers' compensation insurance purposes.
2. As of April 1994 and continuing thereafter through October 1994 Sandra King and Danny Corey regularly employed three employees, one of whom was plaintiff, in their tree cutting business which was known as Unlimited Tree Service.
3. Sandra King became involved in the business following an injury to Danny Corey in March of 1994 which disabled him from climbing and cutting trees. She invested in some of the business's equipment. She operated the business following his injury, including office work, writing payroll checks and routinely working on the job site as an employee doing ground work, such as grinding stumps, driving the dump truck, hauling equipment and transporting workers to and from the job site. Danny Corey, following his injury, was unable to climb trees, but he was able to work on the job site doing ground work. Danny Corey was the "rainmaker" of the business. He was responsible for procuring of and maintaining of business for defendant.
4. In response to a newspaper advertisement by Danny Corey for an employment opportunity, plaintiff was hired by Danny Corey as a tree surgeon. He had prior experience as a tree surgeon and was hired for both climbing trees and ground work. He was paid $125 a day to climb and cut trees or $75 a day to work on the ground. Plaintiff would work three or four days a week and was generally paid at or near the end of the week by check prepared by Sandra King. Sandra King did not withhold taxes from plaintiff's check.
5. Either Danny Corey or Sandra King drove plaintiff to the job site from Danny Corey's house. Plaintiff followed defendants work schedule and was not free to set his own hours. Plaintiff was told at what time to be at Danny Corey's residence prior to the beginning of each work day. At the job site Danny Corey directed plaintiff where to work and what work to do for the day. Plaintiff was told what trees at a job site to cut or what ground work to perform by either Danny Corey or Sandra King. At the end of the day again either Danny Corey or Sandra King would drive plaintiff back to Danny Corey's residence. Danny Corey expected plaintiff and other employees to perform the work that was available, and if they did not, he would exercise his right to discharge them. Danny Corey and Sandra King controlled the details of the work.
6. Plaintiff worked exclusively for Danny Corey and Sandra King and was not self employed. Plaintiff's equipment, other than tree hooks, which he owned, were provided by defendant. Defendant provided all necessary equipment such as saws, ropes, climbing saddles, and climbing hooks if needed. Plaintiff was in fact an employee of Defendant.
7. On 24 May 1994 plaintiff suffered a sacral fracture, a right calcaneus fracture, and a right ankle fracture when he fell approximately forty-five(45) feet from a tree while employed by defendant.
8. Plaintiff sustained, as herein above described, an injury by accident arising out of and in the course of his employment with defendant on 24 May 1994. His average weekly wage amounted to $350.00.
9. Following the accident, plaintiff required emergency treatment and was admitted to Pitt County Memorial Hospital in Greenville, NC. for surgery involving close reduction with manipulation of calcaneus and percutaneous pinning times two to his right ankle. After which he remained under the care of Dr. Wooten from 9 June 1994 through 20 January 1995 when he was released at maximum medical improvement and assigned a 20% permanent partial impairment to his right foot. In the future he may require right subtalar fusion related to his injury.
10. As a result of the injury by accident, plaintiff was unable to earn any wages in any employment from 24 May 1994 to 20 January 1995. He obtained the end of the healing period from the injury by accident and the treatment rendered therefore on 20 January 1995 and does retain a twenty percent (20%) permanent partial impairment by reason of said accident.
 ***********
Based upon the findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. On and prior to 24 May 1994 Defendant Danny Corey and Sandra King d/b/a Unlimited Tree Service regularly employed three employees, one of whom was plaintiff, in their tree cutting business. Plaintiff and defendant Danny Corey and Sandra King d/b/a Unlimited Tree Service are, accordingly, subject to and bound by the provisions of the North Carolina Workers' Compensation Act. As such, the North Carolina Industrial Commission does have jurisdiction over this case. N.C.G.S.97-2(1), (2), and (3).
2. On 24 May 1994, Plaintiff suffered an injury by accident arising out of and in the course of his employment when he fell approximately forty-five (45) feet from a tree while working for Defendant. As a result of said accident, plaintiff was temporarily totally disabled from 24 May 1994 to 20 January 1995 for which he is entitled to compensation at the rate of $233.35 per week.
3. Defendant shall pay permanent partial disability compensation at a rate of $233.35 for 28.8 weeks. Plaintiff does retain a twenty (20%) percent permanent partial impairment to his right foot by reason of said accident. N.C.G.S. 97-2(5) and (6); N.C.G.S. 97-29 and 31(14).
4. Plaintiff is entitled to payment of all medical expenses incurred as a result of his injury on 24 May 1994 for so long as such examinations, evaluations and treatments effect a cure or give relief. N.C.G.S. 97-25.
 ***********
Based on the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. Defendant shall pay temporary total disability at the rate of $233.35 per week from 24 May 1994 through 20 January 1995. This amount shall be paid in a lump sum, subject to an attorney's fee approved herein.
2. Defendant shall pay plaintiff permanent partial disability compensation at the rate of $233.35 per week for 28.8 weeks. This amount shall be paid in a lump sum, subject to the attorney's fee provided herein.
3. Defendant shall pay all medical expenses incurred by plaintiff as a result of his injury by accident so long as such examinations, evaluations, and treatments tend to effect a cure or give relief.
4. A reasonable attorney's fee of 25% of the compensation due Plaintiff is approved for the plaintiff's attorney and shall be paid as follows: twenty-five percent of the lump sum due Plaintiff in paragraphs 1 and 2 of this award.
5. Defendant shall pay the costs.
This the ___ day of June 1998.
 S/ ________________________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
S/ ______________________ CHRISTOPHER SCOTT COMMISSIONER
S/ ______________________ J. HOWARD BUNN, JR. CHAIRMAN